UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC GOLSTON,<br><br>                    Petitioner,<br><br>          vs.<br><br>DALE ARTUS,<br><br>                    Respondent. | No. 9:06-cv-00983-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 33] |

At Docket No. 33, Petitioner Cedric Golston, a state prisoner appearing *pro se*, has filed a motion for an order under Federal Rule of Civil Procedure 60 vacating the judgment entered February 27, 2008, at Docket No. 26.[1] The record in this case indicates that an appeal of that judgment is pending before the Court of Appeals for the Second Circuit, Case No. 08-5088-PR.[2]

The filing of the Notice of Appeal transferred jurisdiction to the Court of Appeals and divested this Court of jurisdiction over those aspects of the case involved in the appeal.[3] As the appeal was taken from the final judgment, this Court lacks jurisdiction to grant the relief requested. This Court does, however, have jurisdiction to entertain and deny the motion.[4]

Golston seeks relief under Rule 60(b) paragraphs (1) "mistake, inadvertence, surprise or excusable mistake," and (6) "any other reason justifying relief from operation of the judgment." Golston argues that the Court erred when it either failed to rule on his second point (that the

---

[1] The motion was not file stamped until March 2, 2009. It does, however, bear a signature date of February 26, 2009. In the absence of evidence to the contrary, the Court assumes that it was delivered to prison authorities on the date it was signed and, applying the "mailbox rule," the motion is timely.

[2] *See* Docket Nos. 29, 30, 31, and 32. Golston asserts in his motion that the Court of Appeals denied a Certificate of Appealability on January 14, 2009. The records in this Court do not contain a mandate from the Second Circuit returning the case to it. Assuming jurisdiction was, in fact, returned to this Court, it would not affect the decision of this Court on the motion.

[3] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[4] *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

subsequent judgments of the successor judge were invalid) or in denying his petition without an examination of the facts in the record.  Rule 60(b)(1) is directed to mistakes by the party or the party's legal representative, not the court.  Federal Rule of Civil Procedure 59 provides the procedural vehicle by which a district court may amend or alter its judgment for mistakes made by the court.[5]  Rule 60 is not a substitute for appeal and may not be used to relitigate the merits of the case.[6]  Golston, while acknowledging this rule, relying on *Gonzalez v. Crosby*,[7] seeks to avoid it by contending that he is challenging the "integrity of the process" used in deciding the factual issue in question in his second point.  Golson's reliance is misplaced.  *Gonzalez* simply held that a Rule 60(b) motion was not a successive petition because the basis for the motion was an attack on the integrity of the habeas process, not the state court conviction.[8]  *Gonzalez* did not hold that a Rule 60(b) motion was the appropriate vehicle to challenge the decision of the court on the merits.  Specifically, Golston argues that this Court erred in not reviewing the extent of the rulings made by Judge Eidens prior to his disqualification.  Golston's argument challenges the decision of this Court, which is not the proper subject of a Rule 60(b) motion.

      What Golston misses is that to prevail on his second point he had to first prevail on his first point, *i.e.*, that the Schenectady County Court lacked jurisdiction.  Once it was established that the Schenectady County Court did not lose jurisdiction, Golston's second point became moot.  That is, there were no further constitutional issues for review by this Court.  Golston argues in the pending motion that the factual determination by the Appellate Division was erroneous, and if the Appellate Division had got the facts right, it would have made the trial void.[9]

---

[5] The time for making a motion under Rule 59 has long since lapsed.

[6] *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986).

[7] 545 U.S. 524 (2005).

[8] 545 at 535–36, 538.

[9] In the pending motion, Golston does not identify what facts the Appellate Division did not get right.  In his petition Golston argued that the Appellate Division erroneously stated that Judge Eidens presided over the trial until the first pretrial conference.  The record shows that Judge Eidens presided over the matter until a pretrial conference on the Friday immediately preceding the Monday on which the trial was first scheduled to begin.

Even if this Court were inclined to vacate the judgment to specifically address Golston's second point, Golston would not prevail. In his petition, Golston argued that not only were the arraignment and plea void, but every matter decided by Judge Eidens was void. Thus, according to Golston, his subsequent trial and conviction were invalid. In his petition Golston cobbled together, mostly out of context, several statements by the United States Supreme Court to support his contention that he was not fairly apprised of the charges against him and was denied a fair trial before an impartial tribunal. It is beyond cavil that Golston was constitutionally entitled to be fairly apprised of the charges against him and a fair trial before an unbiased tribunal. Whatever his arguments may be under New York law, which are beyond the purview of this Court in a habeas proceeding, in the constitutional context he received fair notice of the charges and a trial before an unbiased tribunal (jury trial presided over by Judge Hoye).

Judge Eidens was statutorily disqualified under New York law.[10] There is no evidence in the record, indeed Golston does not allege, that Judge Eidens bore any *actual* bias or prejudice. Although he enumerates a number of pretrial matters heard and decided by Judge Eidens, he challenges the validity of those proceedings solely on the basis of Judge Eidens' statutory disqualification. Golston's reliance on *Tumey v. Ohio*[11] is also misplaced. Judge Eidens, as well as members of his family, was a depositor at the institution Golston allegedly robbed, and it held the mortgage on his residence. Unlike the Mayor in *Tumey*, who personally received the costs assessed against the defendant if convicted, but nothing if acquitted, Judge Eidens did not have "a direct, personal, substantial pecuniary interest in reaching a conclusion against [Golston] in the case."[12] Suffice it to say that the Supreme Court has never extended the constitutional holding in *Tumey* to either situation presented in this case: (1) the judge was not the trial judge or (2) the pecuniary interest, if any, in the outcome is too remote to warrant a presumption of bias. Where holdings of the Supreme Court regarding the issue presented on habeas review are

---

[10] N.Y. Judiciary Law § 14 (provides for disqualification if the judge "is interested" without providing an exception for a *de minimis* interest).

[11] 273 U.S. 510 (1927).

[12] 273 U.S. at 523.

lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[13]

Golston is not entitled to relief under Federal Rule of Civil Procedure 60. Accordingly,

**IT IS ORDERED THAT** the Motion at Docket No. 33 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[14] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. See Fed. R. App. P. 22(b); Second Circuit R. 22.

Dated: March 11, 2009.

                              /s/ James K. Singleton, Jr.
                              JAMES K. SINGLETON, JR.
                              United States District Judge

---

[13] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); see *Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[14] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).